MATTER OF DIAZ-VILLAMIL

In DEPORTATION Proceedings

A-13234060

*Decided by Board April 3, 1964*

Adjustment of status under section 245, Immigration and Nationality Act, as amended, is denied as a matter of discretion to a nonimmigrant visitor, a native and citizen of Colombia, who by his conflicting and evasive testimony failed to establish that he did not intend to circumvent the normal immigrant visa-issuing process by the United States consul abroad.

CHARGE:

    Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor for pleasure, remainder longer.

In a decision dated December 20, 1963, the special inquiry officer denied the application of the respondent for adjustment of status under section 245 of the Immigration and Nationality Act, but granted him the privilege of voluntary departure. From that denial of section 245 relief the respondent has appealed to this Board.

The respondent is a 22-year-old unmarried male alien, native and citizen of Colombia, who last entered the United States on April 10, 1963, at which time he was admitted as a visitor for pleasure. He was thereafter permitted to remain in the United States until October 7, 1963, and has remained beyond that time without authority. He concedes that he is deportable on the charge contained in the order to show cause. The only issue before this Board is the denial by the special inquiry officer of the respondent's application for adjustment of status to that of an immigrant for permanent residence in the United States. The special inquiry officer in his opinion found that the respondent was statutorily eligible for this relief but concluded that such relief was not warranted as a matter of discretion. Respondent through counsel contends that such relief should have been granted as a matter of discretion and further argues that the insertion into the record of Exhibit 9 (Form I-483) was prejudicial and legal error. These points will be considered seriatim.

494

The special inquiry officer found that the respondent's testimony was conflicting and evasive. We have thoroughly studied the record in this case. Throughout the respondent's testimony there is a pattern of evasion, conflict and distortion. We are not persuaded that the respondent did not intend to avoid the immigrant visa issuing process by way of section 245 adjustment procedure. His answers on important phases of the case such as his intention when he applied for the visitor's visa, his employment in Venezuela, his employment in the United States, the length of time he intended to remain in the United States, the documents he brought with him to the United States and his letter of employment from Babcock-Coleman, are neither conclusive nor responsive. Certainly they lack the quality of forthrightness required of an alien seeking a benefit from the United States.

Counsel recites the case of *Barrios* (Interim Decision #1264) in her appeal. That case rested on a different factual situation because Barrios, the alien applicant, *at the time he secured his nonimmigrant visa from the United States consular officer* had every intention of complying with the terms of his temporary admission and this *was not controverted.* We do not find such an intention in the instant case. The testimony of this respondent, flavored as it is with equivocation and contradiction, does not sway us to a contrary conclusion.

We now proceed to counsel's second argument regarding the insertion into the record of Form I-483 and her claim that such was prejudicial and legal error. This contention merits short comment only. The special inquiry officer properly stated that in the exercise of discretion it is important to consider all the circumstances in the case. He noted that the American Embassy at Bogota, Colombia, had recommended on the Form I-483 that the application for status as a permanent resident be denied. He further commented that the recommendation of course, is in no way binding on the special inquiry officer but can be given some consideration in the field of discretion. With this comment we agree. In and of itself the recommendation by the consul has no weight in the approval or denial of the application for adjustment. Exhibit 9 with which the respondent's counsel is greatly concerned states under heading II. To Requesting Office— "There is information of record in this office indicating the alien's prima facie ineligibility (subject to personal interview) for an immigrant visa under section 212(a)(19), in that: he made willful misrepresentations in obtaining a nonimmigrant visa." This, claims counsel, has caused prejudice to the respondent's case. We do not think so. The statement as quoted and as contained in Exhibit 9 to our way of thinking legally adds up to zero for it states that even the prima facie case of ineligibility is contingent upon a personal interview.

We cannot conceive how the special inquiry officer, a person trained in the law, could attach any weight or significance to such a statement. Furthermore, aside from the denial by the special inquiry officer based generally on the respondent's actions, evasive testimony and general uncooperativeness, the information contained in Exhibit 9 is of minimal importance at best. Lastly, counsel for respondent has failed to indicate with specificity any instance of prejudice caused by the insertion of this exhibit into the record.

In summary, the decision of the special inquiry officer is a result of the exercise of his discretion. Our study of this record and our consideration of the representations made by counsel on appeal lead us to the conclusion that the special inquiry officer's decision was unquestionably fair. To hold otherwise would be an invitation for nonquota and open quota intending immigrants to render useless the legally designated visa issuing functions of the United States consuls abroad. This we will not do. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.